UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KEVIN BRAZIER,<br><br>        Plaintiff,<br><br>      v.<br><br>MIAMI CORRECTIONAL FACILITY,<br>WILLIAM HYATT, T. SLONE, MILLER,<br>and HARRIS,<br><br>        Defendants. | CAUSE NO. 3:18-CV-829-DRL-MGG |

OPINION AND ORDER

Kevin Brazier, a prisoner without a lawyer, filed a complaint. A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In the complaint, Mr. Brazier alleges that, at 5:30 a.m. on July 15, 2018, when Officer Slone and Officer Miller were passing out meal trays, he placed his right arm in his cell's cuff port to hold it "hostage." ECF 1 at 1, 3. Officers Slone and Miller then ordered him to remove his arm from the cuff port, but he refused to do so. *Id.* He told them he did not want to eat because someone on the range flooded his cell with toilet water; and, as a result, his cell was unsanitary. *Id.* Mr. Brazier alleges that, at this point, Officers Slone and Miller told him to "[e]ither take [the tray] or refuse [it]." *Id.* Because he refused to remove his arm from the cuff port, they began pulling and twisting his arm and slamming the cuff port door on it. *Id.* Mr. Brazier then took his tray but would not remove his arm from the

cuff port. *Id.* He alleges that Officer Slone radioed Sergeant Harris to ask for the "green light" to mace him. *Id.* Sergeant Harris arrived at the cell at which point Mr. Brazier reported that he was holding his cuff port "hostage" and that Officers Slone and Miller had twisted and hurt his arm. *Id.* Mr. Brazier claims that Sergeant Harris responded, "I don't care." *Id.* After the officers left the cell area, Mr. Brazier pulled his right arm back into his cell, stretched it, and heard it pop. *Id.* at 4. He then felt a sharp pain in his neck which traveled down his lower back. *Id.* Mr. Brazier sought medical treatment for the pain and was prescribed medication, which helped his pain for about thirty days. *Id.* However, medical staff told him that he could no longer take the medication due to its side effects. *Id.* His neck and back pain recurred and have become more painful.

Mr. Brazier asserts an Eighth Amendment claim of excessive force against both Officer Slone and Officer Miller for using force to remove his right arm from the cuff port. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* While Officer Slone and Officer Miller's use of force may ultimately prove to be a good faith effort to maintain discipline, giving Mr. Brazier the inferences to which he is entitled at this stage, the complaint states a plausible Eighth Amendment claim of excessive force against them.

Mr. Brazier also names the Miami Correctional Facility, Warden Hyatt, and Sergeant Harris as defendants. Though the Miami Correctional Facility is where these events occurred, the correctional facility is a building, not an individual or even a policy-making unit of government that can be sued pursuant to 42 U.S.C. § 1983. *See Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011). Further, "liability depends on each defendant's knowledge and actions, not on the knowledge or actions of

2

persons they supervise." *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). Because Mr. Brazier does not describe how Warden Hyatt was personally involved in the incident giving rise to this lawsuit, he cannot proceed against this defendant. Furthermore, to the extent he names Sergeant Harris as a defendant, he did not cause or participate in the alleged violations. *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007) ("Only persons who cause or participate in the violations are responsible.")

For these reasons, the court:

(1) GRANTS Kevin Brazier leave to proceed against Officer Slone and Officer Miller in their individual capacities for compensatory and punitive damages for allegedly using excessive force to remove his arm from the cuff port on July 15, 2018;

(2) DISMISSES the Miami Correctional Facility, Warden Hyatt, and Sergeant Harris;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Officer Slone and Officer Miller, at the Indiana Department of Correction with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d);

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Officer Slone and Officer Miller to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which Kevin Brazier, has been granted leave to proceed in this screening order;

(6) DENIES AS MOOT the motion to put the case on hold (ECF 11); and

(7) DENIES AS UNNECESSARY the motion to proceed (ECF 15).

SO ORDERED.

November 27, 2019                *s/ Damon R. Leichty*
                                 Judge, United States District Court